THE PEOPLE *v.* GONZÁLEZ ET AL.

APPEAL from the District Court of Aguadilla.

No. 192.—Decided November 17, 1909.

INSTRUCTIONS TO THE JURY—MANNER OF AUTHENTICATING SAME.—The instructions of a trial court to the jury cannot be considered by the appellate court unless signed by the trial judge or unless they are embodied in the statement of the case.

ID.—CRIMINAL INTENT—CARRYING AWAY FRUIT.—Where the evidence shows that the defendants took fruit from certain trees in the belief that they were the owners of the land, a criminal intent to commit larceny is not shown to exist, although they have been previously ejected from the land under legal process.

The facts are stated in the opinion.

*Mr. Pedro Gómez* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This case comes from the District Court of Aguadilla, where the above-named individuals were charged with "wilfully and unlawfully and with criminal intent, taking and carrying away from the real property of Pedro R. Gonce, the products growing on the coffee and orange trees, converting them into personal property, the value of such products exceeding $50." The information was duly sworn to.

The defendants pleaded not guilty and asked for a trial by jury. The jury was empanelled in due form and returned a verdict of guilty of grand larceny, and then the Judge of the District Court of Aguadilla, under date of April 26, 1909, rendered judgment sentencing them to imprisonment in the penitentiary for one year at hard labor, making the other proper pronouncements.

The defendants took an appeal from said verdict and judgment to this Supreme Court.

We have here in the record a statement of facts certified to, approved and signed by the trial judge.

No brief has been filed in this court, but at the hearing counsel for the defendant verbally prayed for the reversal of the judgment and, consequently, that his clients should be discharged on the ground of the absence of any criminal intent on their part, and, otherwise, that a new trial be ordered.

In support of the second of the above-mentioned prayers he alleged a number of errors which he claims to have been committed by the trial judge to his charge to the jury.

Although the record contains this charge it absolutely lacks any authenticity because it is not signed by the judge, nor has it been embodied in the statement of facts, and in this form no value whatever can be given thereto because we do not know whether it is the same charge that was given the jury. If we were not to proceed in this manner, we would

be liable to arrive at wrong conclusions. (*The People* v. *Torres,* 9 P. R. Rep., 396; *The People* v. *Dones,* 9. P. R. Rep., 423.)

Having disposed of this point, let us ascertain whether the defendants acted in this case with real criminal intent in committing the act charged against them as grand larcency resulting in the imposition on them of a penalty for a felony.

In criminal matters the intent must be considered rather than the act itself because without it there is no criminality. There must be a punishable act and a recognized felonious intent.

These defendants consider themselves to be the owners of the estate which produced the coffee and oranges and although it does not appear that they have sought to submit their right of ownership to the decision of a court of competent jurisdidction, this does not destroy their *bona fide* belief that the estate producing the products belongs to them and the latter also, because it appears that when Gonce bought the estate, the coffee and orange trees had already been planted.

The belief of these defendants is strenghtened by the will of one Pablo Portalatin from whom they appear to derive their right to the ownership of the estate.

Two years ago the products were valued at 80 *pesos* when they were still growing, and upon reading the evidence it may be clearly seen that the defendants had no intention of depriving their legitimate owner of the products permanently, but on the contrary they believed themselves to be the owners thereof and of the land which produced them.

It is true that they had been ejected from the estate by virtue of proceedings of unlawful detainer, and as they returned thereto they were sentenced for contempt, but that very insistence reveals their belief that they were the owners of the estate.

As a real criminal intent is lacking, it is not possible to punish the appellants, and, therefore, the judgment of the Judge of the District Court of Aguadilla of April 26, 1909, should be reversed and all the defendants acquitted, with the costs against The People.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.